IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL JON LONG, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | 5-21-CV-00479-FB-RBF |
| KELLY MARIE LONG *ET AL*. | § § | |
| *Defendants*. | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Plaintiff Michael Jon Long's *pro se* Applications to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, Dkt. Nos. 1 & 3. The Applications were automatically referred for disposition pursuant to 28 U.S.C. § 636(b) and the October 8, 2019, Standing Order regarding Court Docket Management of Cases Involving Applications to Proceed In Forma Pauperis for the San Antonio Division of the Western District of Texas. Authority to enter this Order and Recommendation stems from 28 U.S.C. § 636(b).

Having considered the Applications and documentation provided by Long, the Court **GRANTS** the request to proceed in forma pauperis ("IFP"). *See* Dkt. Nos. 1 & 3. It is recommended, however, that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim on which relief may be granted. Accordingly, Long's request for emergency injunctive relief should be **DENIED**.

**Factual and Procedural Background**

Plaintiff Long instituted this action on May 19, 2021. He did so seeking to proceed IFP. In his live complaint, Long claims that Defendants—in "overseeing [his state] court case" violated his constitutional rights under the First, Fifth, Eighth, and Fourteenth Amendments as well as other federal criminal statutes and bills including (1) the Hobbs Act, 42 U.S.C. §§ 5101-5106; (2) the Child Endangerment & Abuse Act, H.R. 3366, 103d Cong., 1st Sess. § 2259 (1993); (3) 18 U.S.C. §§ 241-42; (4) federal sentencing laws such as 18 U.S.C. § 3571; and (5) the federal false statement statute, 18 U.S.C. § 1001. Long names over 30 different individuals and entities as Defendants, including (1) his ex-wife; (2) the State of Texas; (3) Collin County; (4) the City of Frisco, its police department and various officers; (5) the Texas Department of Family & Protective Services and several of its employees; (6) the Bexar County District Judge presiding over his child custody case and various attorneys involved in the case; (7) several hospitals and one doctor who presumably treated his children; (7) Yahoo! Inc.; and (8) Nancy Grace of the Nancy Grace Show.

Long doesn't explain in either his original or amended complaint how each of the named Defendants violated his federal rights. Instead, in support of his claims, Long attaches approximately 100 pages of state-court orders, motions, and transcripts in which he (1) seeks the disqualification of the judge presiding over his case; and (2) objects to various rulings made by the state-court judge, including the presiding judge's social-media injunction and appointment of his children's guardian ad litem and the amicus attorney. In terms of relief, Long seeks a "just and thorough assessment" of monetary damages, as well as the immediate removal of his two minor children from their mother's custody and care.

**Analysis**

**A.     IFP Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). The District Court also generally imposes an administrative fee of $50.00.[1] The Court, however, may waive the initial filing fee and costs where a plaintiff submits an affidavit indicating that he or she is unable to pay these fees and costs. *See* 28 U.S.C. § 1915(a)(1); *Hayes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (finding that 28 U.S.C. § 1915(a)(1) is intended to apply to both prisoners and non-prisoners). When evaluating a request to proceed IFP, a court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Such an examination "entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* A district court exercises discretion in determining whether to extend the privilege of IFP status to plaintiffs who are unable to pay filing fees. *See Startti v. United State*s, 415 F.2d 1115, 1116 (5th Cir. 1969).

Long declares under penalty of perjury that he is currently unemployed (his business is no longer functioning in light of the COVID-19 pandemic), and his only source of income is $507 per week in unemployment benefits as well as an unspecified amount in money he borrowed from friends and family. Long only has $887.33 in a checking or savings account and, other than a rock collection valued at approximately $500, he owns no property of value. At the same time, Long claims to have monthly expenses totaling $3,828. Accordingly, the information

---

[1] *See* https://www.txwd.uscourts.gov/court-information/fee-schedule/.

provided demonstrates that denying Long IFP status in this case would result in undue hardship to him.[2]

**B.     Dismissal of Long's Claims**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation marks omitted). A claim is also legally frivolous when the court lacks subject matter jurisdiction over it. *Bibbs v. Harris*, 578 F. App'x 448 (5th Cir. Aug. 20, 2014); *Nixon v. Attorney Gen. of Tex.*, 537 F. App'x 512 (5th Cir. Jul. 31, 2013)). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28).

To avoid dismissal under Rule 12(b)(6), and hence § 1915(e)(2)(B), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its

---

[2] *See, e.g.*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948) (explaining that an affidavit is generally sufficient to support an IFP application if it represents that the litigant, because of poverty, is unable to pay court fees and costs or to support and provide necessities for herself and her dependents); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[A]s here, where the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question presented under Section 1915(d) [currently Section 1915(e)] of whether the asserted claim is frivolous or malicious.").

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555-56.

"[A] district court is 'vested with especially broad discretion' in determining whether . . . a dismissal [under § 1915(e)(2)(B)(i)] is warranted." *Id.* (quotation marks omitted). "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

This case is subject to dismissal as frivolous, due to a lack of subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, federal courts generally lack jurisdiction to review, modify, or nullify final orders of state courts. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir.1994) ("Absent specific law otherwise providing, that doctrine directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments."). Here, to the extent Long's state custody proceedings are final, Long's claims in this litigation are barred by the *Rooker-Feldman* doctrine because they "invite district court review and rejection of the state child [custody] judgment" as well as various state court rulings. *Mosley v. Bowie County Texas*, 275 Fed. App'x 327, 329 (5th Cir. 2008) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Bell v. Valdez*, 207 F.3d 657 (5th Cir. 2000) ("A plaintiff cannot avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action.").

Even if custody proceedings were ongoing, there would be ample reason for this Court to decline to move forward with Long's present action. The domestic-relations exception and

*Younger* abstention counsel against a federal court exercising jurisdiction over claims that essentially challenge the validity of a state child-custody determination. *See Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987) (explaining that "[i]f the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case" pursuant to the domestic relations exception); *Younger v. Harris*, 401 U.S. 37 (1971) (recognizing that a federal court must abstain from interfering in a state proceeding by granting equitable relief where: (1) the dispute involves an "ongoing state judicial proceeding"; (2) the subject matter of the state proceeding implicates an important state interest; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges). Child-custody decisions are important state interests. And there is no reason to conclude—other than Long's unsupported, fantastical assertions—that Long can't adjudicate his claims in state court. In sum, whatever the status of the underlying state-court proceedings, this Court cannot entertain claims arising out of them.

To the extent that Long's claims against some of the named defendants don't seek to challenge the state court's custody determination, Long hasn't identified the alleged wrongful conduct that forms the basis of his claims, let alone stated a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-56. Moreover, even if Long had provided additional factual support for his claims, none of the criminal statutes Long invokes here create a private right of action.[3] Finally, Long hasn't explained how private actors such as Yahoo and Nancy

---

[3] *See, e.g.*, *Thomas v. Abebe*, 833 Fed. App'x 551, 555 (5th Cir. 2020) (affirming district court's dismissal of claim brought pursuant to 18 U.S.C. § 1001) (citing *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993) ("In order for a private right of action to exist under a criminal statute, there must be a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.")) (quotations omitted); *Trevino v. Pechero*, 592 F.Supp.2d 939, 946-47 (S.D. Tex. 2008) ("On its face, the Hobbs Act is a criminal statute which contains no reference to any

Grace are capable of violating his constitutional rights. *See, e.g.*, *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) (due process clause of the Fourteenth Amendment doesn't protect private citizens from actions of other private citizens).

For all these reasons, dismissal of Long's claims is warranted. Although generally a *pro se* litigant such as Long should be afforded an opportunity to amend his complaint before it is dismissed, based on the facts and claims Long alleges, the Court finds that amendment would be futile and cause needless delay. *See LaCroix v. Marshall County, Mississippi*, 409 Fed. App'x 794, 802 (5th Cir. 2011)

### Conclusion and Recommendation

For the reasons discussed above, the Court **GRANTS** Long's request to proceed in IFP. *See* Dkt. Nos. 1 & 3. It is recommended, however, that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as frivolous and for failure to state a claim on which relief may be granted. Accordingly, Long's request for emergency injunctive relief should be **DENIED**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

---

private civil right of action. While the Fifth Circuit has not specifically spoken to this issue, many other courts, including a district court in this Circuit, have specifically held that the Hobbs Act creates no private right of action.") (citations omitted).

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 3rd day of August, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE